## 1012. LEAKE *v.* KING DRY GOODS COMPANY.

1. The fact that one who has been shown to be the owner of valuable property has appealed upon an affidavit in forma pauperis is a circumstance which may be considered by the jury in determining as to the affiant's credibility as a witness in the case.

'(*a*) Where, in order to discredit such a party as a witness, it is sought to disprove the statements of his pauper affidavit, by testimony that he is the owner of valuable property and is fully able to pay the costs, he has the right to rebut such testimony, by proof of the truth of his affidavit.

(*b*) It is a matter within the discretion of the trial judge whether, after the testimony has been closed, the case shall be reopened for the purpose of allowing testimony upon this, as upon any other point in the case; and this discretion is not abused by the refusal to open the case during the argument, for the purpose of proving by parol, instead of by written evidence of title (which is not shown to be either lost or destroyed), that the party whose credibility is attacked had parted with the title to certain realty which had previously been alluded to in the testimony.

2. While hearsay testimony is sometimes competent as explanatory of conduct, the statement of a husband (who was not shown by the testimony to be the agent of his wife), that "the account was his wife's account," should have been excluded, especially in view of the fact that this statement was made several months after the purchase of the articles embraced in the account, and could not in any sense be considered as a part of the res gestæ of the purchase.

3. In the absence of express assumption of liability therefor, a wife who is living with her husband is not liable for any contract of their minor child. If the indebtedness created by the child be for *necessaries*, the husband and father may for that reason be liable; but the mother, while she is a feme covert, can not be held therefor, unless she so contracts to be bound. The evidence showing, without contradiction, that a portion of the account for which the verdict was rendered in favor of the plaintiff was purchased by the daughter of the defendant, without the defendant's authority, and upon the credit of the daughter herself, a new trial should have been granted.

Appeal, from Cobb superior court—Judge Gober. January 7, 1908.

Argued April 21,—Decided November 10, 1908.

*J. E. Mozley,* for plaintiff in error.

*Griffin & Attaway,* contra.

RUSSELL, J. Suit was brought against Mrs. Leake upon an account for certain dry goods sold to her and to her daughter. It does not appear whether the daughter was of full age or a minor at the time she purchased a portion of the goods, but it is undis-

puted that the defendant was a married woman, living with her husband, the child's father. The jury rendered a verdict in favor of the plaintiff, for the full amount; whereupon the defendant moved for a new trial. The motion for new trial was based upon the general grounds and upon certain objections to testimony, and exception was also taken to the ruling of the court upon the argument of plaintiff's counsel.

1. Counsel for the plaintiff, in his concluding argument, stressed the point that the defendant had filed a pauper affidavit, although she owned and was living in a $5,000 mansion on Church street, in the city of Marietta. Counsel for the defendant objected to this argument, and asked the court to order it stopped, for the reason that this line of argument was improper and unfair. This motion the court overruled. Counsel for the defendant thereupon asked the court to allow him to reopen the case and reintroduce Mrs. Leake, and to show by her that the house and lot referred to by counsel for the plaintiff had long since passed out of her, and that the same was encumbered with a loan deed in favor of W. S. N. Neal for an amount almost equal to its entire value. The court asked the defendant's counsel if he had the deed passing the title out of the defendant, in court. He answered that he had not. Thereupon the court overruled the motion to reopen the case and to allow the movant to testify that she had deeded the property to secure a loan.

We can not say that the court erred in the ruling complained of in this ground of the motion for a new trial. It appears from the record that a witness for the plaintiff, without any objection being made to the competency of such evidence, had testified that the defendant owned the dwelling-house, worth between four and five thousand dollars, and it also appears that the defendant appealed her case in forma pauperis. The pauper affidavit constituted a part of the pleadings in the case, and was for the inspection of the jury; and while no one's rights should be prejudiced in the slightest degree by his poverty,—if he indeed be poor,—still, if one who has considerable property nevertheless files a pauper affidavit, the jury may consider this circumstance (apparently contradictory) as affecting the credit of the witness. In other words, a witness who would swear falsely to an affidavit in forma pauperis, when in fact the witness is able to pay the costs, may thereby

be discredited in the eyes of the jury. We think, therefore, that
the. court properly overruled the objection to the argument of the
plaintiff's counsel. But while this is true, the defendant had
the right to show, if she could, that the affidavit in forma pau-
peris was the truth, and that the property referred to in the tes-
timony was encumbered to the full amount of its value, or, in-
deed, was not her property at all. The court recognized this by
asking if the deed evidencing a transfer of title was in court;
but when the counsel replied that it was not, the judge refused
to reopen the case for the purpose of allowing parol testimony
upon the subject. In this we think the ruling of the court was
again correct. After the evidence has been closed, it is wholly
within the discretion of the trial judge whether the case shall be
reopened for the introduction of additional testimony which may
have been overlooked. In this case the judge did not abuse his
discretion; because he first satisfied himself that the written muni-
ment of title was not in court, and the parol evidence of Mrs.
Leake that she had deeded the property to W. S. N. Neal was
clearly incompetent and inadmissible.

2. We think the objection to the testimony of J. R. King, that
Mr. Leake said the account was his wife's account, but that if
he (King) would make it out and send it to him he would pay
it, was well taken. This testimony was clearly hearsay. Hearsay
testimony is admissible in certain instances as explanatory of
conduct. In the present instance it could not perform that office.
The suit was not against Mr. Leake, but against his wife. If he
was her agent, and if that fact appeared plainly from the tes-
timony, the principal would be bound by his statements only so
far as pertinent thereto and if made in the course of the trans-
action under consideration,—dum fervet opus. His statement
in such event would be admissible then as part of the res gestæ
of the transaction. Here was an account, however, every item
of which had been purchased some time previously, not by Mr.
Leake, the agent, but by Mrs. Leake herself, and by their daugh-
ter. The statement of the account had been forwarded several
times, and several months had elapsed. The issue in the case was
whether the husband or the wife was the real debtor. Certainly
the voluntary statement of the husband (which naturally was
prejudicial to the defendant) that it was his wife's account could

not be considered as a statement made by him as an agent, dum fervet opus, or as being in any better position than that ordinarily occupied by hearsay, which generally is without probative value. The objection to this testimony should have been sustained.

3. Upon the ground that the verdict was contrary to the evidence, a new trial should have been granted; for if the plaintiff was entitled to recover, the recovery was too large. It appears, without contradiction in the evidence, that items of the account, amounting to $27.85, were purchased by a daughter of the defendant. Not only so, but the plaintiff sent three statements of the account to this daughter, made out in her own name; and Mr. King, of the plaintiff company, testified that he sold her the goods. It may be inferred, from the fact that the statements were sent to her, that perhaps the daughter is of full age. If so, no liability would attach to Mrs. Leake by reason of the relationship. But if the daughter is a minor, and if the articles furnished were necessaries, there being no evidence that Mrs. Leake authorized her daughter to buy any of these articles, liability for them would attach, not to the mother, but to the father.                                          *Judgment reversed.*